# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BARRY CIVIL CONSTRUCTION, INC., a Washington corporation,<br><br>Defendant. | CASE NO. 2:19-cv-00800-BAT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY** |

Plaintiffs, Locals 302 and 612 of the International Union of Operating Engineers Construction Industry Health and Security Fund, Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Fund, Western Washington Operating Engineers-Employers Training Trust Fund, and Locals 302 and 612 of the International Union of Operating Engineers (collectively "Trust Funds"), move for an order compelling discovery from Defendant Barry Civil Construction, Inc., and for attorney fees and expenses, pursuant to Fed. R. Civ. P. 26, 33, 34, and 37 and LCR 37. Dkt. 16.

## BACKGROUND

Defendant is bound to a collective bargaining agreement with Locals 302 and 612 of the International Union of Operating Engineers under which Defendant is required to promptly and

fully report for, and pay monthly contributions to, the Trust Funds at varying, specified rates for each hour of compensation Defendant pays to its employees who are members of the bargaining unit represented by the Locals (the "Union Employees"). Dkt. 1, Count One, Article V. Defendant is also required to pay liquidated damages of twelve percent (12%) for delinquent and delinquently paid contributions (or $25.00 per month, whichever is greater); twelve percent (12%) annual interest on each delinquency; and attorneys' fees, costs, and audit expenses incurred in collection of Defendant's unpaid obligations. Dkt. 1, Count One, Article VI.

Defendant submitted remittance reports for the months of December 2018, January 2019 and February 2019, but allegedly failed to pay timely contributions for those months. Dkt. 1, Count One, Article VII. On March 1, 2019, Defendant also allegedly failed to promptly report for and/or pay to the Trust Funds, all amounts due for work performed by the Union Employees and the extent of Defendant's unpaid obligations can only be determined by examining Defendant's records. Dkt. 1, Count One, Article VIII.

Defendant also agreed to deduct from the periodic paychecks of its Union Employees, specified amounts for each hour of compensation paid and to remit these monthly deductions to the Locals no later than the fifteenth of the month immediately following the month in which the deductions are taken. Dkt. 1, Count Two, Article IV. While Defendant submitted remittance reports for the months of December 2018, January 2019 and February 2019, it allegedly failed to pay to the Trust Funds, amounts due for those months in a timely manner. Dkt. 1, Count Two, Article V. Defendant is also allegedly liable for failing to promptly report for and/or pay to the Trust Funds, the dues deducted from the periodic paychecks of Defendant's employees since March 1, 2019. Dkt. 1, Count Two, Article VI.

At issue in this motion are interrogatories and document requests requesting bonding information on public projects, as set forth in Plaintiffs' First Set of Interrogatories and Requests for Production sent to Defendant on August 26, 2019. Dkt. 17, Declaration of Thomas A. Leahy, Exs. A, B.

## DISCUSSION

### A. Legal Standard

The Court has "broad discretion to manage discovery." *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011). In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If a party fails to answer an interrogatory or produce documents, the "party seeking discovery may move for an order compelling an answer." Fed. R. Civ. P. 37(a)(3)(B). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Brown v. Warner*, No. C09-1546RSM, 2015 WL 630926, at *1 (W.D. Wash. Feb. 12, 2015) (quoting *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997)).

### B. Interrogatories & Request for Production

Plaintiffs move the Court for an order requiring Defendant to answer Interrogatory Nos. 3 through 7, and to produce documents related to those interrogatories as set forth in Requests for Production Nos. 1 through 5. Plaintiffs also seek an award of the attorney fees and expenses incurred in bringing this motion.

Interrogatory Nos. 3 through 7 request the bond number, insurance company, project name, and project owner related to particular projects (described in exhibits attached for each

interrogatory). Request for Production Nos. 1 through 5, request "any documents" supporting the answers to Interrogatory Nos. 3 through 7 "including, but not limited to, the bond." Dkt. 17, Ex. A.

Plaintiffs contend that the bonding information will allow the Trust Funds to properly place liens on projects and/or obtain retainage amounts to cover the delinquent contributions and/or dues. In addition, Plaintiffs note the Trust Funds have a fiduciary duty to ensure they are properly funded, the information is easily obtainable, the information consists of public bonding information which Defendant is legally required to have, and Plaintiffs do not have to wait until they have obtained a judgment to begin the lien process. Dkt. 16 at 4.

Defendant argues that Plaintiff is attempting to conduct post-judgment discovery and the discovery sought is not relevant to any claim or defense presently being litigated pre-judgment.

Interrogatory Nos. 3 through 7 request Defendant to identify all bonds applicable to remittance reports that have been provided by Defendant. As Plaintiffs are merely requesting information regarding the bonds that will cover Defendant's liability, this is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Eastern District of California's decision in *Sierrapine v. Refiner Prod. Mfg., Inc.*, on which Defendant relies, does not compel a different conclusion. 275 F.R.D. 604, 612 (E.D. Cal. 2011). ("The [court] is persuaded by the district courts that have concluded that the plain language of then-numbered Rule 26(a)(1)(D) 'merely requires the disclosure of an insurance policy or other agreement that gives rise to an insurer's obligation to indemnify or hold its insured harmless for a judgment, and does not require the production of all agreements relating to insurance.'") (citing *Excelsior College v. Frye*, 233 F.R.D. 583, 585–86 (S.D. Cal. 2006)) (emphasis added).

Thus, the motion to compel answers to Interrogatory Nos. 3 through 7 and production of the bonds identified in those interrogatories (Request for Production Nos. 1 through 5) is **GRANTED**. Defendant is directed to answer those interrogatories and produce copies of the bonds to Plaintiffs within **ten (10) days** of this Order.

However, to the extent Plaintiffs seek "*any documents* supporting" Defendant's answers to Interrogatory Nos. 3 through 7, the motion to compel is **DENIED** as this request is overly broad and is neither relevant nor proportional to the needs of the case at this time.

C. <u>Attorney Fees</u>

The court will not order monetary or other sanctions when it finds that a position was substantially justified in that the parties had a genuine dispute on matters on which reasonable people could differ as to the appropriate outcome. *See Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 254 (1988). Here, the parties appear to have had a genuine dispute as to whether the discovery requested fell fairly within the type of discovery more appropriately sought post-judgment under Rule 69(a)(2). Under these circumstances, Plaintiffs' motion for attorney fees and costs is **DENIED**.

DATED this 22nd day of November, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge